UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVERETTE L. BLACK, JR.,

    Plaintiff,

v.                                            Case No. 3:24-cv-757-MMH-LLL

SERGEANT J. FINNEY, et al.,

    Defendants.

## ORDER

Plaintiff Everette L. Black, Jr., an inmate of the Florida penal system, initiated this action on July 22, 2024, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983. He moves to proceed as a pauper (Doc. 2). Black asserts violations of the Eighth Amendment based on an incident that occurred at Suwannee Correctional Institution. See Complaint at 4, 6. Specifically, he alleges that on August 24, 2022, Defendant Sergeant J. Finney beat and threatened him. See id. at 6–7.

In the Complaint, Black represents that he has filed no other lawsuits in federal court relating to the conditions of his imprisonment or dealing with the same facts involved in this case. See id. at 12–13. However, a search of Black's litigation history reveals he has filed the following cases: (1) 3:23-cv-68-HES-LLL (dismissed without prejudice for lack of prosecution regarding the same

violation as alleged in this case); (2) 3:22-cv-260-MMH-SJH (pending ruling on motions for summary judgment regarding Eighth Amendment claims from 2021 at Columbia Correctional Institution); and (3) 3:22-cv-298-BJD-LLL (dismissed with prejudice following a settlement regarding claims from 2021 at Suwannee Correctional Institution). Black signed the Complaint, certifying his compliance with Rule 11, Federal Rules of Civil Procedure (Rule(s)). See Complaint at 14–15. Considering Black's apparent lack of candor, the Court directed him to show cause why the case should not be dismissed without prejudice. See Order to Show Cause (Doc. 4).

In response to the Court's Order, Black does not dispute that he answered "no" to the questions asking whether he filed prior cases relating to the conditions of his imprisonment and whether he filed prior cases dealing with the same facts as those involved in this action, but he says he did so unintentionally. See Response (Doc. 6). Black alleges that he hired an "ex-law clerk" to draft the complaints and "every motion . . . up to summary judgment" in case numbers 3:22-cv-260-MMH-SJH and 3:22-cv-298-BJD-LLL. Id. at 1. He also asserts that the same law clerk drafted the complaint in case number 3:23-cv-68-HES-LLL. Id. According to Black, "[t]his is the first time that [he] has filed a complaint," and he misunderstood the questions. Id. at 2.

2

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. When a complaint form requires a plaintiff to list his litigation history, and the plaintiff makes affirmative misrepresentations regarding his litigation history under penalty of perjury, those misrepresentations may constitute an abuse of the judicial process warranting dismissal of the case as malicious. See Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013)[1] (per curiam) (holding that dismissal of prisoner's case for abuse of the judicial process under § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); see also Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (per curiam) (affirming dismissal of a prisoner's complaint without prejudice as malicious for abuse of the judicial process where he omitted two prior civil cases from his complaint form).

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

Additionally, Rule 11 permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. See Fed. R. Civ. P. 11(b). The Eleventh Circuit instructs that courts should hold pro se pleadings to a "less stringent standard" than those pleadings drafted by attorneys, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); however, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules," Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 226 (11th Cir. 2011) (per curiam) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Upon careful consideration of Black's response and his litigation history, the Court finds Black's explanation that he misunderstood the complaint form disingenuous. The questions at issue ask whether a litigant has "filed other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment" and whether a litigant has filed "other lawsuits in state or federal court dealing with the same facts involved in this action." Complaint at 12–13. These questions are clear and do not require legal training to answer. And while an inmate law clerk may have helped draft his previous complaints and motions, Black had sufficient knowledge of his litigation history to truthfully answer the question. Indeed, Black presumably signed the

4

complaint forms in his prior cases. He also attended a settlement conference in case number 3:22-cv-298-BJD-LLL and is actively litigating case number 3:22-cv-260-MMH-SJH.

Even if Black's omission was unintentional or he legitimately found the question unclear, the Eleventh Circuit has explained a misunderstanding does not excuse a prisoner's failure to truthfully answer straightforward questions in a civil rights complaint form. See Redmon, 414 F. App'x at 226 (holding the district court did not abuse its discretion when it dismissed a pro se prisoner's complaint for abuse of judicial process, even though plaintiff alleged that he misunderstood the complaint form, which "clearly asked [him] to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment"); Jenkins v. Hutcheson, 708 F. App'x 647, 648–49 (11th Cir. 2018) (per curiam) (finding "the district court was entitled to dismiss [the plaintiff's] complaint based on his failure to fully disclose his litigation history," even though nothing in the record showed that he intentionally omitted cases). The Court finds Black's misrepresentation of his litigation history amounts to an abuse of judicial process, warranting dismissal of the action without prejudice.

5

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.[2]

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/29
c:   Everette L. Black, Jr., #364497

---

[2] Black is advised that the dismissal of this action constitutes a "strike" under the PLRA. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (stating that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 216 (2007).